UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, United States Department of Labor,<br><br>             Plaintiff,<br><br>             v.<br><br>VINNY'S OF FAIRFIELD, LLC<br>d/b/a VINNY'S ALE HOUSE and ERNST H. BUGGISCH,<br><br>             Defendants. | CIVIL ACTION: 3:17-cv-02024 |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Secretary of Labor, United States Department of Labor, has filed a Complaint and Defendants have received a copy of Plaintiff's Complaint and waived service of process. Defendants also acknowledge assessment by Plaintiff of civil money penalties and have received notice and service of the issuance of the civil money penalties, and waive exception to those civil money penalties in the reduced amount of $2992.00, all under Section 16(e) of the Fair Labor Standards Act of 1938 (the "Act"), 29 U.S.C. §216(e) and 29 C.F.R. §§ 578.1-578.4 and 580.1-580.18. The Court finds that it has jurisdiction to enter this Consent Judgment and Order, and Plaintiff and Defendants agree to its terms,

It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Fair Labor

1

Standards Act, as amended (29 USC 201 et seq.), hereinafter referred to as "the Act", in any of the following manners:

Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, 29 U.S.C. § 206 and 215(a)(2) pay any employees who, in any workweek, are employed in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, wages at rates less than the applicable minimum wage.

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act,  29 U.S.C. § 207 and 215(a)(2), employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Defendants shall not, contrary to section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding.

Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act, 29 U.S.C. § 211(c), and found in Title 29, Part 516 of the Code of Federal Regulations.

Further, the Court, finding that the employees are due compensation in the amount of $244,930.96 (inclusive of gross back wages and liquidated damages), as shown on attached Exhibit A which is incorporated and made a part hereof, it is further ORDERED, ADJUDGED and DECREED that the Defendants are enjoined and restrained from withholding the payment of $122,465.48 in gross back wages and are jointly and severally liable for the payment of $122,465.48 in liquidated damages to eight employees who Plaintiff and Defendants have agreed were entitled to overtime compensation during at least portions of the period between February 9, 2014 to February 17, 2017, in such amounts listed on the attached Exhibit A, which is incorporated in and made a part hereof.

Each Defendant is jointly and severally liable for all the amounts listed on Exhibit A.

Defendants represent that, to the best of their knowledge and following diligent review and inquiry, they have been in compliance with the Act since February 17, 2017.  In resolving the amount of back wages and liquidated damages ordered to be paid in this judgment, the plaintiff has relied on this representation, and accordingly, the back wage and liquidated damages provisions of this judgment shall have no effect upon any back wages and liquidated damages which may have accrued since that date.

The provisions of this judgment shall be deemed satisfied when, on or before November 21, 2017,  Defendants deliver to Plaintiff (to be mailed to U. S. Department of Labor, Wage & Hour Division, Northeast Region, The Curtis Center, Ste. 850 West, 170 S. Independence Mall West, Philadelphia, PA 19106-3317, Attention:  Mary Doughty, with a copy to: U.S. Department of Labor, Wage and Hour Division, Hartford District Office, 135 High Street, Room 210, Hartford, CT 06103-1111) two certified checks, (1) one for the gross amount of back wages due ($122,465.48), from which deductions for the Defendants' employees share of FICA and federal

withholding taxes will be made by the United States Department of Labor and (2) the other for liquidated damages due ($122,465.48), which are not subject to deductions.  Both checks should be made payable to "Wage and Hour Division – Labor" written on the face of the checks.  In addition, case ID number 1802909 shall be included on the checks.

It is also ORDERED, ADJUDGED and DECREED that Defendants shall pay, jointly and severally, the civil money penalties issued pursuant to Section 16(e) of the Act, 29 U.S.C. §216(e) and 29 C.F.R. §§ 578.1-578.4 in the amount of $2992.00 to the Wage and Hour Division.

Defendants, jointly and severally, shall further pay the employers' share of FICA and withholding taxes to the appropriate authorities for the back wages paid pursuant to this judgment after presentation of the United States Department of Labor's summary of employee payments made.

On or before ten (10) days from the entry of this judgment, Defendants shall deliver jointly and severally to the United States Department of Labor at the Hartford District Office of the Wage and Hour Division at the Hartford, CT address set forth above, a statement showing the following: employers' Federal ID number(s), the name of each employee listed in Exhibit A, and each employee's current address and social security number (to the extent known by Defendants).

When recovered wages and/or liquidated damages have not been claimed by an employee within three (3) years, because of inability to locate the employee or because of the employee's refusal to accept such sums, Plaintiff shall deposit the wages and/or liquidated damages into the United States Treasury as miscellaneous receipts pursuant to 29 U.S.C. § 216(c).

Defendants shall not, under any circumstances, solicit repayment of any amount paid to any employee in connection with this judgment.  In the event any such amount is received from any employee, Defendants shall immediately remit such amount to the United States Department of Labor at the Philadelphia, PA address set forth above.

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated: _____

_____
United States District Judge

| | |
|---|---|
| Defendants hereby consent to entry of this judgment: | Plaintiff hereby moves for entry of this judgment: |
| Vinny's of Fairfield, LLC d/b/a Vinny's Ale House | Nicholas C. Geale Acting Solicitor of Labor |
| By its attorneys: | Michael D. Felsen Regional Solicitor |

Jessica M. Signor, Esq.
Ivey, Barnum & O'Mara, LLC
170 Mason Street
Greenwich, CT 06830
Tel:  203-661-6000
Fax:  203-661-9462

Dated  11/16/17 _____

_____
Ernest H. Buggisch

Dated__11/10/17_____

Merle D. Hyman
Wage and Hour Counsel
U.S. Department of Labor
Office of the Solicitor
John F. Kennedy Federal Building
Room E-375
Boston, MA 02203
Telephone: (617) 565-2500
Facsimile: (617) 565-2142
E-mail: hyman.merle@dol.gov

Dated__11/27/17_____

# EXHIBIT A

| First Name | MI | Last Name | BWs Due | LDs Due | Total Due |
|------------|----|-----------|---------|---------|-----------|
| ROBINSON | | FERNANDEZ | $15,582.87 | $15,582.87 | $31,165.74 |
| ROBERTO | | CARRILLO | $13,104.87 | $13,104.87 | $26,209.74 |
| LEOPOLDO | | JIMENEZ | $6,183.00 | $6,183.00 | $12,366.00 |
| DAVID | | SOLIS | $15,149.32 | $15,149.32 | $30,298.64 |
| ABRAHAM | | COJON | $16,275.20 | $16,275.20 | $32,550.40 |
| HECTOR | | DELEON | $31,223.79 | $31,223.79 | $62,447.58 |
| GERSON | | GODINEZ PERE | $12,298.20 | $12,298.20 | $24,596.40 |
| JORGE | | PEREZ | $12,648.23 | $12,648.23 | $25,296.46 |
| | | | **$122,465.48** | **$122,465.48** | **$244,930.96** |